TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
405 W. Congress Street, Suite 4800
Tucson, Arizona  85701-5040
Telephone:  (520) 620-7300
E-mail: denise.faulk@usdoj.gov
Attorneys for United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mendoza; et al., | Case No. 4:25-cv-00539-JHC (JEM) |
| Plaintiffs, | **MOTION TO DISMISS** |
| v. | |
| U.S. Federal Bureau of Investigations; et al., | |
| Defendants. | |

Defendants Federal Bureau of Investigation (FBI), United States Department of State (State) and Bureau of Indian Affairs (BIA), by and through undersigned counsel, hereby move to dismiss the Complaint against State for lack of jurisdiction and against BIA for failure to state a claim.  This motion is supported by the following memorandum of points and authorities and attached exhibits.

**Memorandum of Points and Authorities**

**I.      Background**

**A.      Plaintiffs' request to State**

Plaintiff submitted a Freedom of Information Act (FOIA) request to State for agency records from the U.S. Customs Service that were created between February 20, 1986, and continuing through December 31, 1986, pertaining [to] communications sent or received by William Laverty, who served as the U.S. Customs Service Attache at the U.S. Embassy in Mexico City, regarding the slaying of U.S. Customs Agent Glenn R. Miles on or about February 21, 1986, while on patrol near the Tohono O'odham Reservation in Arizona.

(Doc. 1-8 at 2.)

Congress established the U.S. Customs Service in 1789.[1]  (Ex. A, Weetman Decl., ¶ 17.)  On March 1, 2003, the U.S. Customs and Border Protection (CBP) was created as part of the Department of Homeland Security, and the U.S. Customs Service was transferred to CBP.[2]  (*Id.*)  U.S. Customs Service records would have been transferred to CBP or sent to the National Archives and Records Administration (NARA) as part of the transition.  (*Id.* at ¶ 18.)

U.S. Customs Service is not and has not been a part of the U.S. Department of State.  (*Id.* at ¶ 20.)  State does not maintain "agency records from the U.S. Customs Service" and would not maintain communications sent or received by "Customs Service Attachés," which would be agency records maintained by CBP or accessioned to NARA.  (*Id.* at ¶ 20.)

On August 1, 2025, State sent Plaintiff its final determination letter and suggested that Plaintiffs submit their request to CBP and/or NARA.  (*Id.* at ¶ 12.)  State provided Plaintiffs with NARA's FOIA contact information and informed Plaintiffs how they could obtain CBP's FOIA contact information.  (*Id.*)

**B.    Plaintiffs' request to BIA**

Plaintiffs also sent a FOIA request to BIA.  (Doc. 1-9 at 2.)  BIA closed the request on August 6, 2025.  (*Id.* at 3.)  BIA issued a determination letter on August 7, 2025, stating that BIA did not find any records responsive to the FOIA request and informing Plaintiffs of their appeal rights and the regulatory requirements for filing an appeal.  (Doc. 1-10 at 2-4).   The Department of the Interior's (DOI) FOIA regulations at 43 C.F.R. § 2.59 require appeals to be submitted in writing by mail, fax or email to the FOIA Appeals Officer using the address available at http://www.doi.gov/foia/appeals. (Ex. B, Strayhorn Decl., ¶ 5.)  The FOIA Appeals Officer receives and processes all FOIA appeals filed with DOI that challenge the handling of FOIA requests by its bureaus

---

[1] *See* CBP's website detailing a historical timeline of the agency.  Available at: https://www.cbp.gov/about/history/timeline (last visited January 22, 2026).
[2] *Id.*

- 2 -

and offices, which include the BIA. (*Id.*) These are the only methods by which a requester may properly file a FOIA appeal with DOI's FOIA and Privacy Act Appeals Office. (*Id.* ¶ 7.)

The e-mail account for DOI's FOIA and Privacy Act Appeals Office (FOIA.Appeals@sol.doi.gov) is the only account DOI has designated to receive FOIA and Privacy Act appeals that are submitted by e-mail, except for appeals submitted to the Office of the Inspector General. (*Id.* ¶ 8.) For correspondence sent to DOI's FOIA and Privacy Act Appeals Office by fax or delivered by U.S. mail or other carrier or courier service, each of the documents received is scanned and sent via e-mail to DOI's FOIA and Privacy Act Appeals Office's e-mail account and labeled with the first and last name of the sender of the correspondence. (*Id.*)

DOI's FOIA and Privacy Act Appeals Officer searched the FOIA and Privacy Act Appeals email account, fax, mail and appeals database for appeals received from Plaintiffs on or about August 6, 2025, and September 10, 2025, but did not locate any. (*Id.* ¶¶ 9-10.) DOI's Information Technology (IT) staff in the Office of the Chief Information Officer also queried the DOI's e-mail servers for any messages from Plaintiff Free's e-mail account (186863-91441388@requests.muckrock.com) that were delivered to any office in DOI (including the FOIA and Privacy Act Appeals Office and the BIA) between July 1, 2025, to December 9, 2025. (*Id.* ¶¶ 12-13.) DOI's IT staff did not locate the August 6, 2025, or September 10, 2025, messages referenced at paragraphs 60 and 62 of the Complaint, respectively. (*Id.* ¶ 14.) The only proper FOIA appeal DOI received from Plaintiffs was on September 25, 2025, the day before Plaintiffs filed the lawsuit. (*Id.* ¶ 11.)

DOI has 20 workdays after receipt of an appeal to render a decision. 43 C.F.R § 2.62(a).) However, in accordance with DOI's FOIA regulations at 43 C.F.R. § 2.60(d), DOI's FOIA and Privacy Act Appeals Office closed its file on Plaintiffs' September 25, 2025, appeal because the FOIA request filed with the BIA became a matter of this litigation. (*Id.* ¶ 15).

- 3 -

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(1)

The United States seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The plaintiff must establish the court's subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). A motion to dismiss for lack of subject matter jurisdiction can be either a facial or factual attack. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A factual attack disputes the truth of allegations that would otherwise invoke federal jurisdiction. *Id*. When addressing a factual attack on jurisdiction, the court does not presume the truth of the allegations in the complaint and may review evidence beyond the complaint. *Id.* Once the movant produces evidence, the plaintiff must furnish affidavits or other evidence to establish subject matter jurisdiction. *Id.; see also St. Clair v. Chico*, 880 F.2d 199 (9th Cir. 1989) (holding once moving party presents evidence attacking the substance of the jurisdictional allegations, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.").

The court "may review any evidence, such as affidavits and testimony, *to resolve factual disputes concerning the existence of jurisdiction*." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)) (emphasis added); *see also Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635-36 (9th Cir. 1989) (same); *E.S.M. v. United States*, No. CV-21-00029-TUC-JAS, 2022 WL 11729644, at *1 (D. Ariz. Oct. 20, 2022) ("But the Court is not restricted to the face of the pleadings; it may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction"); *Adlerstein v. U.S. Customs & Border Prot.*, No. CIV 19-500-TUC-CKJ, 2020 WL 5846600, at *7 (D. Ariz. Oct. 1, 2020) (same); *Gonzalez-Gallegos v. Dep't of Just.*, No. CV 17-00421-TUC-RCC, 2020

WL 5992012, at *1 (D. Ariz. July 7, 2020) (same).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). A complaint that merely presents legal conclusions or the elements of a cause of action will not suffice. *Iqbal*, 556 U.S. at 678.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In making that determination, courts may look outside the pleading and take judicial notice of matters of public record. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A complaint must be dismissed when publicly available information and the plaintiff's allegations demonstrate that the plaintiff fails to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. Legal Discussion
### A. The Court lacks jurisdiction as to Plaintiffs' request to State because the requested records are not State's agency records.

"Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150.

"Agency records" are records that are (1) either created or obtained by an agency, and (2) under agency control at the time of the FOIA request. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136 (1989). FOIA "'only obligates [the agency] to provide access to

those [records] which it in fact has created and retained'" and "need not produce records maintained by another federal government agency or obtain records from any other sources." *Callaway v. Dep't of the Treasury*, 893 F. Supp. 2d 269, 275 (D.D.C. 2012) (quoting *Kissinger*, 445 U.S. at 153).

Four factors determine control over a record: "'(1) the intent of the document's creator to retain or relinquish control over the record[ ]; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.'" *Burka v. U.S. Health & Human Services,* 87 F.3d 508, 515 (D.C. Cir. 1996) (quoting *Tax Analysts*, 845 F.2d at 1069).

Requesters have an obligation to reasonably describe the records they seek.  5 U.S.C. § 552(a)(3)(A) (2018).  Agencies are "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996). *See also Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 499 (S.D.N.Y. 2010) (holding that plaintiffs cannot "rely on the argument that the CIA should have known what information Plaintiffs were seeking, for an agency receiving a FOIA request 'is not required to divine a requester's intent'") (quoting *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003)); *Williams v. Ashcroft*, 30 F. App'x 5, 6 (D.C. Cir. 2002) (deciding that agency need not look for records not sought in initial FOIA request).

Here, Plaintiffs requested "agency records of the U.S. Customs Service," which are not State records.  (Ex. A, ¶¶ 6-7, 16-20.)  In its August 1, 2025, final determination State referred Plaintiff to CBP and NARA, which would have taken over responsibility for maintaining U.S. Customs Service records once that agency was incorporated into CBP on March 1, 2003.  (*Id.* ¶¶ 12, 18.)

Currently, 100 agencies are subject to FOIA, each of which is responsible for maintaining its own records.[3]  In the 1980's, the U.S. Customs Service was an

---

[3] https://www.foia.gov/faq.html (last visited January 21, 2026).

independent agency, so it would have been responsible for its own records management. It was not at the time, nor at any time after, a part of the Department of State. (Ex. A, ¶ 20.) Therefore, State would not have created U.S. Customs Service records. Nor would State maintain communications sent or received by "Customs Service Attachés." (*Id.*) Customs Service Attachés "support and oversee all CBP programs in their area of responsibility" in 26 countries at U.S. Embassies and Consulates.[4] (*Id.*) The Attachés mere location in U.S. Embassies and Consulates does not make their records or communications U.S Department of State's agency records; rather, those records and communications would be agency records maintained by CBP or accessioned to NARA. (*Id.*)

In sum, this Court does not have jurisdiction over Plaintiffs' FOIA request to State for U.S. Customs Service records. *See Kissinger*, 445 U.S. at 150. This Court should dismiss the Complaint as to State for lack of jurisdiction.

### B. Plaintiffs failed to exhaust their claim as to BIA.

"A requestor dissatisfied with an agency's response can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency." *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) (citing 5 U.S.C. § 552(a)(6)(A)(i)-(ii), (C)(i)). "Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). It "recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.*

Exhaustion "serves two vital purposes: first, to give the agency an initial opportunity to correct its mistakes before courts intervene; and second, to enable the creation of a complete administrative record should judicial review become necessary."

---

[4] *See* CBP's website, "CBP Attaches." Available at: https://www.cbp.gov/border-security/international-initiatives/cbp-attaches (last visited January 22, 2026).

*Amerco v. N.L.R.B.*, 458 F.3d 883, 888 (9th Cir. 2006). Exhaustion under FOIA is a prudential requirement rather than a jurisdictional requirement. *Yagman v. Pompeo*, 868 F.3d 1075, 1083-84 (9th Cir. 2017). "[A] requestor must exhaust his administrative remedies under FOIA so long as an agency properly responds before suit is filed." *Aguirre*, 11 F.4th at 726.

Here, Plaintiffs filed suit on September 26, 2025 (Doc. 1), one day after the DOI FOIA and Privacy Act Appeals Office received Plaintiffs' appeal from BIA's August 7, 2025, final determination. (Ex. B, ¶ 11.) Under DOI's FOIA regulations, the DOI FOIA and Privacy Act Appeals Officer had 20 business days to decide the appeal. 43 C.F.R. § 2.62(a). However, in accordance with DOI's FOIA regulations at 43 C.F.R. § 2.60(d), DOI's FOIA and Privacy Act Appeals Office closed its file on Plaintiffs' September 25, 2025, appeal because the FOIA request filed with the BIA became a matter of this litigation. (Ex. A, ¶ 15).) Because Plaintiffs failed to allow BIA time to decide the appeal before they filed the Complaint, they failed to exhaust administrative remedies. Accordingly, this Court should dismiss the Complaint as to BIA for failure to state a claim.

## IV.  Conclusion

Based on the foregoing, Defendants respectfully request that this Court dismiss the Complaint against State and BIA for lack of jurisdiction and failure to state a claim.

## V.  Certification of Counsel

Pursuant to LRCiv. 12.1(c), undersigned counsel certifies that she contacted Plaintiff's counsel via email and notified him of the issues in the motion to dismiss for failure to state a claim. The parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

RESPECTFULLY SUBMITTED: February 6, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

/ MTD