# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mendoza; et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. Federal Bureau of Investigations; et al.,<br><br>    Defendants. | Case No. 4:25-cv-00539-JHC (JEM)<br><br>**DECLARATION OF<br>SUSAN C. WEETMAN** |

  1. Pursuant to 28 U.S.C. § 1746, I, Susan C. Weetman, declare and state as follows:

  2. I am the Senior Advisor for the Information Access Programs Directorate ("A/SKS/IAP" or "IAP") of the United States Department of State (the "Department" or "State"), a position in which I have served since August 4, 2019.  I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act of 1974, 5 U.S.C. § 552a; and other applicable records access provisions.  Prior to serving in this capacity, I served as the Chief of the Programs and Policies Division of the Office of Information Programs and Services ("IPS") beginning on May 15, 2016, and prior to that I was the Branch Chief for Litigation and Appeals within the Programs and Policies Division of IPS beginning on March 10, 2013.

  3. The core responsibilities of IAP include: (1) responding to records access requests made by the public (including under the FOIA and the Privacy Act), by Members of Congress, by other government agencies, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) research; and (3) technology applications that support these activities.

  4. I make the following statements based upon my personal knowledge, which in turn is based upon, among other things, information furnished to me in the course of

my official duties. I am familiar with the efforts of Department personnel to process the FOIA request that is the subject of this litigation, and I am in charge of coordinating the agency's processing efforts with respect to this request. To prepare this declaration, I reviewed the complaint, consulted with IAP staff and reviewed relevant information in the Department's FOIA database, FOIAXpress. The Department logs every FOIA request it receives in FOIAXpress, and the database includes, but is not limited to, the following for each request: a copy of the FOIA request; an assigned request number; the dates the request was requested and received; administrative notes related to clarifying the scope of the request, searching for records, and the processing and reviewing of retrieved documents; correspondence sent and received pertaining to the request; and other administrative procedural history of the request.

5. This declaration explains the status of a request Plaintiffs submitted to the Department on May 23, 2025, request numbered F-2025-18750, and which agencies maintain the records sought by Plaintiffs.

## ADMINISTRATIVE PROCESSING OF REQUEST F-2025-18750

6. On May 23, 2025, Plaintiff submitted a request for:

> "agency records from the U.S. Customs Service that were created between February 20, 1986, and continuing through December 31, 1986, pertaining [to] communications sent or received by William Laverty, who served as the U.S. Customs Service Attache at the U.S. Embassy in Mexico City, regarding the slaying of U.S. Customs Agent Glenn R. Miles on or about February 21, 1986, while on patrol near the Tohono O'odham Reservation in Arizona."

(Doc. 1-8 at 2.)

7. Plaintiffs' request covered the time period from February 20, 1986, through December 31, 1986. (*Id.*)

8. By letter dated May 23, 2025, IAP acknowledged receipt of Plaintiffs' FOIA request and assigned it Case Control Number F-2025-18750. (*Id.* at 3.)

2

9. By letter dated June 27, 2025, IAP acknowledged Plaintiffs' FOIA request, invoked unusual circumstances, and placed Plaintiffs' request in the complex processing track. ((Doc. 1-8 at 4.)

10. By letter dated June 27, 2025, IAP requested a third-party authorization to release the information requested in Plaintiffs' FOIA request and placed the request on hold pending Plaintiffs' response. (*Id.* at 4-7.)

11. By email dated July 1, 2025, Plaintiffs responded requesting that the request be processed without a third-party authorization. (*Id.* at 8.)

12. By letter dated August 1, 2025, IAP provided Plaintiffs with a final determination in response to request F-2025-18750 and closed F-2025-18750. IAP suggested Plaintiffs submit the request to U.S. Customs and Border Protection ("CBP") and/or the National Archives and Records Administration ("NARA"). IAP provided Plaintiffs with NARA's FOIA contact information and informed Plaintiffs how they could obtain CBP's FOIA contact information. The Department's final determination letter also provided appeal rights. (*Id.* at 9-11.)

13. By letter dated August 1, 2025, Plaintiffs submitted an appeal of the Department's determinization for request F-2025-18750. (*Id.* at 12.)

14. On August 18, 2025, IAP acknowledged receipt of Plaintiffs appeal and assigned it tracking number A-2025-00414. (*Id.*)

15. By letter dated September 29, 2025, IAP informed Plaintiffs that the administrative appeal A-2025-00414 was closed because the case was now in litigation.

**PROPER CUSTODIANS FOR THIS REQUEST ARE CBP AND/OR NARA**

16. Plaintiffs' May 23, 2025, request seeks "agency records from the U.S. Customs Service . . . pertaining [to] communications sent or received by William Laverty, who served as the U.S. Customs Service Attache . . . regarding the slaying of U.S. Customs Agent Glenn R. Miles." (Doc. 1-8 at 2.)

3

17. CBP's website contains a brief historical timeline of the agency. The U.S. Customs Service was established by Congress in 1789.[1] On March 1, 2003, "the U.S. Customs Service is transferred to CBP" as part of the Department of Homeland Security.[2]

18. Any agency records that were created or obtained by the U.S. Customs Service would have been transferred to CBP or sent to NARA in 2003 as part of this transition.

19. NARA's "Guide to Federal Records" website also contains information about the U.S. Customs Service.[3] This site indicates that NARA may have records from 1986.[4]

20. U.S. Customs Service is not and has not been a part of the U.S. Department of State. The U.S. Department of State does not maintain "agency records from the U.S. Customs Service" and would not maintain communications sent or received by "Customs Service Attachés." Customs Service Attachés "support and oversee all CBP programs in their area of responsibility" in 26 countries at U.S. Embassies and Consulates.[5] Just because these Attachés are located in U.S. Embassies and Consulates does not make their records or communications, U.S Department of State's agency records; rather, those records and communications would be agency records maintained by CBP or accessioned to NARA.

## CONCLUSION

21. In summary, the Department is not the proper agency for Plaintiffs'

---

[1] *See* CBP's website detailing a historical timeline of the agency. Available at: https://www.cbp.gov/about/history/timeline (last visited January 22, 2026).
[2] *Id*.
[3] *See* NARA's Guide to Federal Records, "Records of the United States Customs Service." Available at: https://www.archives.gov/research/guide-fed-records/groups/036.html (last visited January 22, 2026).
[4] *See* "Record Group 36.4 Textual Records (General) 1876-1997." Available at: https://www.archives.gov/research/guide-fed-records/groups/036.html#36.4 (last visited January 22, 2026).
[5] *See* CBP's website, "CBP Attaches." Available at: https://www.cbp.gov/border-security/international-initiatives/cbp-attaches (last visited January 22, 2026).

request because it does not maintain or control agency records from the U.S. Customs Service. The Department properly directed Plaintiffs to CBP and NARA as the proper agencies for Plaintiffs' request.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of January 2026, Charleston, S.C.

Susan C Weetman
Digitally signed by Susan C Weetman
Date: 2026.01.23 12:31:47 -05'00'

Susan C. Weetman