# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mendoza; et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Federal Bureau of Investigations; et al., <br><br> Defendants. | Case No. 4:25-cv-00539-JHC (JEM) <br><br> **DECLARATION OF DARRELL STRAYHORN** |

    1.    Pursuant to 28 U.S.C. § 1746, I, Darrell Strayhorn, declare and state as follows:

    2.    I am the Department of the Interior's (DOI, Department) Freedom of Information Act (FOIA) and Privacy Act Appeals Officer, a position in which I have served since March 2005.

    3.    As the Department's FOIA and Privacy Act Appeals Officer, I review and make the final determinations on all administrative appeals filed with the Department under the FOIA (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a), except for administrative appeals that challenge FOIA and/or Privacy Act requests sent to the Department's Office of Inspector General (OIG).

    4.    I make the following statements based upon my personal knowledge, which in turn is based upon, among other things, information furnished to me in the course of my official duties.

    5.    My duties as the Department's FOIA and Privacy Act Appeals Officer include implementation of its FOIA and Privacy Act appeals programs for requests not sent to the OIG, which include receiving and processing all appeals filed with the Department that challenge its bureaus' and offices' (which includes the BIA) handling of requests filed under the provisions of the FOIA and the Privacy Act (except for those filed with the OIG). I also determine whether to accept non-OIG appeals filed with the

Department under the FOIA and the Privacy Act for processing and, if the appeal is properly filed, the issues a FOIA/Privacy Act requester is challenging in the appeal. I also make the final decision for the Department on the disposition of all properly filed non-OIG FOIA and Privacy Act appeals.

6. Due to the nature of my official duties, I am familiar with the process for ascertaining whether an individual has lodged an administrative FOIA and/or Privacy appeal with the Department that does not involve requests sent to OIG.

7. DOI's FOIA regulations at 43 C.F.R. § 2.59 require that appeals must be submitted in writing by mail, fax or email to the FOIA Appeals Officer (using the address available at http://www.doi.gov/foia/appeals). These are the only methods by which a requester may properly file a FOIA appeal with the Department's FOIA and Privacy Act Appeals Office.

8. The e-mail account for the Department's FOIA and Privacy Act Appeals Office (FOIA.Appeals@sol.doi.gov) is the only account DOI has designated to receive non-OIG FOIA and Privacy Act appeals that are submitted by e-mail. For correspondence sent to the Department's FOIA and Privacy Act Appeals Office by fax or that is delivered by U.S. mail or other carrier or courier service, each of the documents received is scanned and sent via e-mail to the Department's FOIA and Privacy Act Appeals Office's e-mail account and labeled with the first and last name of the sender of the correspondence.

9. On December 2, 2025, I conducted keyword searches of the Department's FOIA and Privacy Act Appeals Office's e-mail account and used variations of Plaintiffs' names (i.e., "Natalia Mendoza," "Mendoza," "Natalia," "Andrew Free," "Free," and "Andrew"), the request number Department assigned to the BIA FOIA request (DOI-2025-006691), and the e-mail address Plaintiff Free used to file the FOIA request (186863-91441388@requests.muckrock.com). However, I did not locate any e-mail communications received in the Department's FOIA and Privacy Act Appeals Office's e-mail account from Plaintiffs on or about August 6, 2025, or September 10, 2025, or the

appeals Plaintiffs state at paragraphs 60 and 62 of the Complaint were filed on those dates. I also did not locate any scanned copies of fax messages or other mail from Plaintiffs that were delivered to the Department's FOIA and Privacy Act Appeals Office by U.S. mail or other carrier or courier service on or about either of those dates.

10. I used the same name variations to perform a search of the Department's FOIA and Privacy Act Appeals Database, which is an electronic system that I use to track the receipt and status of every non-OIG FOIA and Privacy Act appeal filed with the Department, and also did not locate the August 6, 2025, or September 10, 2025, appeals Plaintiffs states were filed on those dates.

11. The only appeal that I located after conducting all of these searches is one filed by Plaintiff Free and received in the Department's FOIA and Privacy Act Appeals Office's e-mail account on September 25, 2025, the day before Plaintiffs filed the lawsuit.

12. To be sure that the Department's FOIA and Privacy Act Appeals Office's e-mail account did not receive messages from Plaintiff Free, I requested that DOI's Information Technology (IT) staff in the Office of the Chief Information Officer search the Department's e-mail servers for any messages received from Plaintiff Free's e-mail account (186863-91441388@requests.muckrock.com), as the September 25, 2025, appeal that the Department's FOIA and Privacy Act Appeals Office received from Plaintiff Free only identifies his name and e-mail address in the correspondence he filed.

13. On December 9, 2025, DOI's IT staff performed a query of the Department's e-mail servers for any messages from Plaintiff Free's e-mail account that were delivered to any bureau or office in DOI (including the e-mail accounts of the FOIA and Privacy Act Appeals Office and the BIA) between July 1, 2025, and December 9, 2025. They did not locate the August 6, 2025, or September 10, 2025, appeals referenced at paragraphs 60 and 62 of the Complaint, respectively.

14. The review by DOI's IT staff confirms that the FOIA and Privacy Act Appeals Office did not receive appeals from Plaintiffs on August 6, 2025, or September 10, 2025, by e-mail, via facsimile, or in hard copy through the mail.

15. DOI's FOIA regulations at 43 C.F.R. § 2.60(d) states, "The deciding official for FOIA appeals normally will not make a decision on an appeal if the request becomes a matter of FOIA litigation." I am the deciding official for FOIA appeals that do not appeal a decision of the OIG (43 C.F.R. § 2.60(a)) and closed the Department's FOIA and Privacy Act Appeals Office's file on Plaintiff Free's September 25, 2025, appeal because the FOIA request filed with the BIA became a matter of FOIA litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed January 27, 2026.

DARRELL STRAYHORN
Digitally signed by DARRELL STRAYHORN
Date: 2026.01.27 16:54:02 -05'00'