# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mendoza, et al., | No. CV-25-00539-TUC-JCH (JEM) |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Federal Bureau of Investigations, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure a Scheduling Conference is set for **Wednesday, March 25, 2026, at 10:00 a.m**., in Courtroom 6F of the Evo A. DeConcini United States Courthouse, 405 W. Congress Street, Tucson, AZ 85710 before the undersigned. All participants may appear remotely. Participants shall dial: 1-855-244-8681 and use access code 2317 500 8982 at the time set for the conference.

A. Rule 26(f) Meeting and Case Management Report.

The parties are directed to meet and confer at least 21 days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f). At this meeting the parties shall develop a Joint Case Management Report which contains the information called for in section B below.

B. Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;
2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);
3. A short statement of the nature of the case (2 pages or less);
4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]
5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;
6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;
7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);
8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;
9. The status of related cases pending before other courts or other judges of this Court;
10. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the parties' preservation of electronically stored

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Inc. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

information and the form or forms in which it will be produced (see Rule 16(b)(3), 26(f)(3));

11. A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3));

12. A discussion of whether an order under the Federal Rules of Evidence 502(d) is warranted in this case;

13. A discussion of necessary discovery, including:
    a. The extent, nature, and location of discovery anticipated by the parties;
    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;
    c. The number of hours permitted for each deposition.

14. A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures;

15. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):
    a. A deadline for the completion of fact discovery;[2]
    b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);
    c. A deadline for completion of all expert depositions;
    d. A date by which the parties shall have engaged in face-to-face good faith settlement talks;
    e. A deadline for filing dispositive motions.

16. Whether a jury trial has been requested an whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

17. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served, and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.

18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall **jointly** file the Joint Case Management Report with the Clerk **seven days before** the Case Management Conference. It is the responsibility of Plaintiff to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

C. Case Management Order.

The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel responsible for trial of the lawsuit for each party, and any party is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause. During or after the Case Management Conference the Court will enter a Case Management Order. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

D. Other Matters.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2. The Clerk of the Court shall send copies of this order to all counsel of record and to any self-represented parties.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2026.

_____
James E. Marner
United States Magistrate Judge