Daniel Melo
The Melo Law Firm
NC Bar # 48654
2920 Forestville Road, Ste 100
PMB 1192
Raleigh, NC 27616
Tel: (919) 348-9213
dan@themelolawfirm.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Natalia Mendoza; et. al,

    Plaintiffs,

  v.

U.S. Federal Bureau of Investigation.

    Defendant.

Case No. 4:25-cv-00539-JCH (JEM)

**JOINT CASE MANAGEMENT REPORT**

The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) and submit to this Joint Case Management Report pursuant to the Court's Order. The Parties state as follows:

1. Counsel for Defendant Denise Ann Faulk and Counsel for Plaintiffs Daniel Melo met and conferred regarding this report.

2. The parties in the case are as follows:

   Natalia Mendoza, Andrew Free, Plaintiffs

   U.S. Federal Bureau of Investigation, Defendant

3. This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") by Natalia Mendoza (Mendoza) and Andrew Free ("Free") against the Federal Bureau of Investigation (FBI). In their Complaint, filed September 26, 2025, Plaintiffs seek injunctive and declaratory relief connected to Plaintiffs' FOIA request (perfected on May 21, 2025) for

1

records to the FBI related to the death of an individual, Glenn Miles, a Customs agent. Miles's death was investigated in part by the FBI. In addition to improper withholding, Plaintiffs' also assert Claims for Relief under FOIA including: Defendant's failure to make a statutory determination; Defendant's failure to make records promptly available; Defendant's pattern and practice of violating FOIA's statutory time limits and promptly available requirements; Defendant's failure to reasonable segregate responsive records; and Defendant's failure to affirmatively disclose records.

4. The jurisdictional basis for the case arises under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(2)(B), which establish the Court's subject-matter jurisdiction.

5. All relevant parties have been served, and no party has been served and failed to file an Answer.

6. No Party expects to add additional parties to the case or otherwise amend pleadings.

7. Plaintiffs intend to file a Rule 65 motion seeking declaratory relief that (a) Defendant has violated FOIA by applying a blanket 7(A) exemption withholding to the files it has already accumulated and those it has already released; (b) declaratory judgment that the FBI violated FOIA by failing to make a determination on Plaintiff's request; (c) declaratory judgment that the FBI violated FOIA by failing to make records promptly available; and (d) declaratory judgment that the FBI's clawback demand is an unconstitutional prior restraint on speech, and a preliminary injunction halting it. Defendant asserts that such relief is not available under Rule 65. Moreover, injunctive relief is not appropriate because any future harm is speculative in nature and because injunctive relief would

risk disclosing the very information that is the subject of the litigation and would interfere with the orderly briefing of the case. Plaintiffs would anticipate filing such a motion no later than 21 days after the scheduling conference set for March 25, 2026.

8. The Parties do not believe that the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.

9. The parties are not aware of any related cases.

10. The Parties at this time do not foresee any issues relating to the discovery of ESI.

11. The Parties dispute whether there are issues related to claims of privilege or work product and when they should be resolved.

12. The Parties agree that an order under the Federal Rules of Evidence 502(d) is not warranted in this case.

13. The Parties disagree as to whether discovery should be stayed pending Defendant's filing of its motion for summary judgment and supporting *Vaughn* declaration or indices. Defendant contends that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"); *see also Minier v. Central Intelligence Agency*, 88 F.3d 796, 803 (9th Cir. 1996) (noting that discovery does not apply); *Hardy v. U.S. Dept. of Defense*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, \*4 ("Discovery is to be sparingly granted in FOIA actions") (quoting *Public Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72 (D. D.C. 1998), aff'd in part and rev'd in part on other grounds, 185 F.3d 898 (D.C. Cir. 1999)). Defendant further contends that discovery is permitted only if and when the agency's "affidavits create

genuine issues as to the thoroughness of the government search for documents" or whether a disclosure exemption applies. *Western Ctr for Journalism v. Internal Revenue Service*, 116 F. Supp. 2d 1, 8 (D. D.C. 2000) (quoting *Weisberg v. Dept. of Justice*, 705 F.2d 1344 (D.C. Cir. 1983)). Plaintiffs' position is that given Defendant's sudden reopening of Miles' investigation days after having identified records and producing 250 pages in the instant case, discovery is warranted as there is a sufficient showing that the agency may have violated the presumption of regularity. Against Defendant's position as to the limits of discovery in FOIA--"The major exception to this limited scope of discovery is when the plaintiff raises a sufficient question as to the agency's good faith in processing documents; in such instances, discovery has been permitted." U.S. Dep't of Justice, Guide to the Freedom of Information Act 812 (2009 Ed.) (collecting cases); *see, e.g., Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, 05–cv–2078, 2006 WL 1518964 (D.D.C. June 1, 2006) (Sullivan, J.) (finding discovery warranted in a FOIA action where the government had engaged in extreme delay); *see also Foundation v. Envtl. Prot. Agency*, 959 F.Supp.2d 175, 184 (D. D.C. 2013).

14.     The Parties do not anticipate exchanges of initial disclosures.

15.     The Parties disagree as to necessary deadlines for discovery, expert disclosures, or depositions. Plaintiffs' position is that discovery deadlines are necessary should the court grant discovery in this case, Defendant's position is that the parties do not need any  deadlines for discovery, expert disclosures, or expert depositions.  The Parties propose a deadline for engaging in good faith settlement talks, 30 days following the end of record production.

4

As to the issue of dispositive motions, Defendant contends that the investigation into Miles's death has been reopened and, therefore, the previously identified records are subject to FOIA exemption 7(A), information compiled for law enforcement purposes that could reasonably be expected to interfere with enforcement proceedings. Plaintiffs disagree with Defendant's position.  The parties have conferred about how to proceed with their respective motions for summary judgement as to some or all claims in the Complaint. Plaintiffs' position is that some or all of its claims are ripe for summary judgment to the extent not already resolved by their Rule 65 motion and suggests the briefing schedules *infra* on its motion. The Defendant's position is to proceed  with Defendant filing a motion for summary judgment based FOIA Exemption 7(A) following a bifurcated review of the records, or in the alternative, the Government filing a motion for summary judgment after completing a *Maydak* (*Maydak v. U.S. Dep't. of Just.*, 218 F.3d 760 (D.C. Cir. 2000), reh'g en banc denied, No. 98-5492 (D.C. Cir. Oct. 30, 2000)), review of the records.  Until a review of the records is complete, Plaintiffs will not know what FOIA exemptions, if any, they wish to challenge and any motion for summary judgment would be not ripe for adjudication.

Defendant's position is that if the Parties proceed with a bifurcation review, then Defendant will need three months to complete its review, with its first bifurcation review determination letter sent in May 2026 and a letter sent to Plaintiffs each month thereafter until the review is complete to assure Plaintiffs that Defendant is working on it, with the anticipated completion in August 2026.  Defendant would then need 90 days to prepare a declaration (the queue for declarations is 90 days due to the over 40,000

FOIA requests it receives each year), and counsel would need an additional 30 days to prepare the motion.

Plaintiffs' position is that Defendants had already completed a search, identified responsive records (1,862 pages and 3:16 minutes of audio to process) and had already made an initial production of records. Defendant's proposed timelines are far in excess of what is permissible under the FOIA statute to review records and apply any exemptions. Defendant proposes the following dispositive motion schedules on a bifurcated, only FOIA Exemption 7(A) review of the records, which entails Defendant not waiving any other FOIA Exemption that might apply to the records, which would be determined later if Defendant's motion for summary judgment based on FOIA Exemption 7(A) failed:

a. Defendant's motion for summary judgment shall be due on or before 120 days after Defendant completes the bifurcation FOIA Exemption 7(A) review.

b. Plaintiffs' Response shall be due 30 days after service of the motion for summary judgment.

c. Defendant's reply brief shall be due 15 days after service of the response.

The Parties also disagree as to the *Maydak* review and the timeline for dispositive motions. Plaintiffs' contend that *Maydak* review is unnecessary as this is ultimately the same as its 7(A) review discussed above. Plaintiffs also contend that even if undertaken, *Maydak* review should not take five months to review the records at issue. Defendant's position is that if the Parties proceed with a *Maydak* review, then Defendant will need five months to complete its review of all the records to determine *all* the potential FOIA exemptions that apply to *all* the records,

6

not simply FOIA Exemption 7(A) (so the *Maydak* review is by law different that a bifurcated review), with its first *Maydak* review determination letter being sent in July 2026, a letter sent to Plaintiffs each month thereafter until the review is complete, to assure Plaintiffs that Defendant is working on it, with the anticipated completion in December 2026.  Thus, Defendant proposes the following dispositive motion schedule if the court orders  a *Maydak* review:

    a.  Defendant's motion for summary judgment shall be due on or before 120 days after Defendant completes the *Maydak* review.

    b.  Plaintiffs' Response shall be due 30 days after service of the motion for summary judgment.

    c.  Defendant's reply brief shall be due 15 days after service of the response.

16.    No jury trial has been requested.

17.    The Parties will continue to discuss the possibility of settlement.

RESPECTFULLY SUBMITTED:  March 18, 2026

The Melo Law Firm

By: /s/ *Daniel Melo*
*Pro Bono Counsel for Plaintiffs*

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/ *Denise Ann Faulk*
DENISE ANN FAULK

Assistant U.S. Attorney