## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mendoza, et al., | No. CV-25-00539-TUC-JCH (JEM) |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Federal Bureau of Investigations, | |
| Defendant. | |

On March 18, 2026, the parties filed their Joint Case Management Report. (Doc. 28.) Following a Scheduling Conference held on March 25, 2026 (Doc. 29), the undersigned enters the following case management order to govern the litigation in this case:

1. Jurisdiction. This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2. Deadline for Initial Disclosures. No initial disclosures will be filed.

3. Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings. No party anticipates joining parties, amending pleadings, and filing supplemental pleadings.

4. Document and Audio Production Deadline. As mentioned in the parties' Joint Case Management Report and discussed at the Scheduling Conference, Defendant has identified approximately 1,862 pages and 3:16 minutes of audio responsive to Plaintiffs' FOIA requests. (Doc. 28 at p. 6.)

    a. Defendant's document and audio review and production shall not be limited to the exemption provided by 5 U.S.C. § 522(b)(7)(A). Rather, Defendant must assert all statutory exemptions simultaneously.[1]

    b. Defendant shall review a minimum of 500 pages of documents per month for the months of April and May, 2026 and shall make a monthly production of documents and/or audio to Plaintiff.

    c. Defendant shall complete its statutory exemption review and production of documents and audio by **June 20, 2026**.

5. <u>Plaintiffs' Motion Under Fed. R. Civ. P. 65</u>. In the Joint Case Management report and at the Scheduling Conference, Plaintiffs stated they intend to file a motion seeking declaratory relief under Fed. R. Civ. P. 65. (Doc. 28 at p. 3.) Plaintiffs shall file their motion under Rule 65, Fed. R. Civ. P., no later than 21 days from the date of this Order.

6. <u>No "Claw Back" of Documents Produced to Date</u>. At the Scheduling Conference, the parties represented that in or about February 2026, and prior to the investigation that underlies Plaintiffs' FOIA request being reopened, the Government produced documents to Plaintiffs. The Government agrees that it will not seek to "claw back" the documents it produced to Plaintiff in or about February 2026.

7. <u>Document Production Disputes</u>.

    a. The parties shall not file a written motion alleging a document production dispute without leave of Court. If a dispute arises, the parties shall jointly contact Magistrate Judge Marner's law clerk, Amanda Damianakos (520-205-4564), concerning the dispute.

---

[1] By requiring Defendant to simultaneously invoke all statutory exemptions that it claims apply to document(s) and/or audio clip(s), the Court seeks to reduce interference with the statutory goals of efficient, prompt, and full disclosure of information. *See Maydak v. U.S. Dep't of Just.*, 218 F.3d 760 (D.C. Cir. 2000) (recognizing statutory goals and requiring simultaneous assertion of FOIA exemptions).

b. Parties shall not contact the Court concerning a document production dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rules of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

8. <u>Defendant's Declaration Deadline</u>. The deadline for Defendant's declaration(s) in support of a motion for summary judgment shall be **August 19, 2026** (which, as stated at the Scheduling Conference, is 60 days after June 20, 2026).

9. <u>Dispositive Motion Deadline</u>.

a. Dispositive motions shall be filed by **December 17, 2026** (which, as stated at the Scheduling Conference, is 120 days after August 19, 2026). Dispositive motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules except as provided herein.

b. Responses are due 30 days after service of a motion for summary judgment.

c. Replies are due 15 days after service of a response to a motion for summary judgment.

d. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained from the Court.

e. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

10. <u>Good Faith Settlement Talks</u>. All parties and their counsel shall engage in good faith settlement talks by **July 22, 2026** (which, as stated at the Scheduling Conference, is 32[2] days after the deadline for production of documents and audio). Upon

---

[2] (the 30th day falling on a Saturday)

completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel or self-represented parties. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during this litigation.

11. <u>Court Ordered Settlement Conference</u>. If any claim remains after the district court enters an order on a motion for summary judgment, the parties will be ordered to participate in a settlement conference conducted by a United States Magistrate Judge for the District of Arizona.

12. <u>The Deadlines are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

13. <u>Briefing Requirements</u>.

   a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

   b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2026.



James E. Marner
United States Magistrate Judge